UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>DERAL ARMSTRONG,<br><br>    Defendant-Petitioner. | CASE NO. 1:12-CR-0304-LJO-SKO<br><br>MEMORANDUM DECISON AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>**ECF No. 54** |

## I. INTRODUCTION

Before the Court is Petitioner Deral Armstrong's ("Petitioner," "Defendant," or "Armstrong") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 21, 2016. (ECF No. 54.) On September 26, 2016, the Government filed its opposition. (ECF No. 57.) Petitioner filed a reply on November 18, 2016. (ECF No. 58.) Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

Armstrong pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). (ECF No. 41.) At sentencing, Petitioner was found to qualify for a sentencing enhancement under United States Sentencing Guidelines ("USSG" or "Guidelines") § 2K2.1(a)(4) based on a prior conviction for a "crime of violence." (Presentence Report ("PSR"), ECF No. 45.) With the enhancement, Petitioner's base offense level was set at 20. (*Id.* at 5.) Four additional levels were added under § 2K2.1(b)(4) for an obliterated serial number. (*Id.*) Three points were subtracted for acceptance of responsibility, and the

Court declined Probation's recommendation for a two level enhancement for obstruction of justice. (ECF No. 54 at 2.) Therefore, Petitioner's total offense level was determined to be 21 with a criminal history category of VI, bringing the applicable Guidelines range to 77 to 96 months. (*Id.* at 5, 8.). On June 2, 2014, Armstrong was sentenced to 77 months in prison. (ECF Nos. 49, 50.)

Without the applicable sentencing enhancement under § 2K2.1(a)(4), the base offense level would have been set at 14 pursuant to USSG § 2K2.1(a)(6), bringing his total offense level down six points to 15. *See* USSG § 2K2.1(a)(6) (setting the base offense level at 14 if the defendant was a prohibited person at the time of the offense, with a 4-level increase for the obliterated serial number and a 3-level subtraction for acceptance of responsibility). The corresponding Guidelines range for that offense level with a criminal history category of VI is 41 to 51 months. (*Id.*; *see also* USSG, Chap. 5, Part A)

Armstrong did not appeal his conviction or sentence. (ECF No. 54 at 2.) This is his first motion under 28 U.S.C. § 2255. (*Id.*)

### III. **STANDARD OF DECISION**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

2

## IV. **DISCUSSION**

Petitioner challenges his sentence on the basis that the Guidelines calculation underlying his sentence incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the Armed Career Criminal Act ("ACCA") in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Without the six point sentencing enhancement, the sentencing range applicable to Petitioner would have been 41 to 51 months, rather than 77 to 96 months. (ECF No. 54 at 1-2.)

The ACCA provides that a defendant with three prior convictions for violent felonies must be sentenced to a mandatory minimum of 15 years in prison. 18 U.S.C. § 924(e)(2)(B). The ACCA defined the term "violent felony" in three clauses: the elements clause, the enumerated clause, and the residual clause. *Id.* Under the residual clause, a "violent felony" is one that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court determined that the residual clause was unconstitutionally vague such that it "violate[d] the Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, the Supreme Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Although Petitioner was sentenced under the Guidelines rather than the ACCA, the Guidelines' definition of "crime of violence" includes an identical residual clause to the one held to be unconstitutionally vague in *Johnson*. USSG § 4B1.2(a)[1] ("the term 'crime of violence' means any

---

[1] At the time Petitioner was sentenced, section 4B1.2(a) of the Guidelines provided as follows:

> The term "crime of violence means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

USSG § 4B1.2(a) (emphasis added).

offense . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). The Government concedes that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after *Johnson*.[2] (ECF No. 57 at 16.)

However, the Government argues that Petitioner is not entitled to relief under 28 U.S.C. § 2255 for four reasons. First, Petitioner should be denied relief because he waived the right to attack his sentence collaterally in his plea agreement. (*Id.* at 9-11.) Second, Petitioner procedurally defaulted his § 2255 claim because he did not raise the argument that the residual clause of § 4B1.2(a) was unconstitutionally vague on direct appeal. (*Id.* at 12-16.) Third, *Johnson* does not apply retroactively to challenges under the Sentencing Guidelines. (*Id.* at 16-23.) Fourth, Petitioner's conviction for assault with force likely to cause great bodily injury under California Penal Code ("CPC") § 245(a)(1)[3] is still a crime of violence under the elements clause of § 4B1.2(a)(2) and therefore the sentencing enhancement still applies. (*Id.* at 23-26.) Because the issue of whether CPC § 245(a)(1) is a crime of violence under the elements clause is dispositive in this case, the Court will address it first.

---

[2] The majority of circuit courts that have considered this issue have assumed that *Johnson* invalidates § 4B1.2(a)(2)'s residual clause. *See, e.g.*, *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x 37, 43 (2d Cir. 2016) (per curiam); *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2015); *United States v. Frazier*, 621 F. App'x 166, 168 (4th Cir. 2015) (per curiam); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F3d 931, 932-33 (8th Cir. 2015) (per curiam); *United States v. Benavides*, 617 F. App'x 790, 790 (9th Cir. 2015) (per curiam); *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015); *In re Booker*, No. 16-3018 (D.C. Cir. June 10, 2016). The issue of whether the residual clause of § 4B1.2(a) is void for vagueness is currently pending before the Supreme Court. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016).

[3] Prior to January 1, 2012, assault by means of force likely to produce great bodily injury was listed as alternative form of assault in subsection (a)(1). The statute applied to "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm *or by any means of force likely to produce great bodily injury*." Effective January 1, 2012, the italicized portion that applies to Petitioner's conviction was moved to its own subsection – subsection (a)(4). This change does not affect the Court's analysis of the issues presented in this case. The Court will refer to the statute as CPC § 245(a)(1) since the key cases analyzing the relevant language in subsection (a)(4) were decided prior to 2012 and therefore refer to subsection (a)(1).

4

Petitioner was sentenced under § 2K2.1(a)(4), which provides that the base offense level be set at 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The PSR does not specify which of Petitioner's prior convictions constituted the crime of violence for purposes of calculating the Guidelines range under § 2K2.1(a)(4). However, the Government contends that Petitioner's conviction for assault with force likely to produce great bodily injury in violation of CPC § 245(a)(1) is a crime of violence under the elements clause for purposes of the enhancement. Therefore, the Court will only address the parties' arguments with respect to that statute, which provides, in relevant part, that "[a]ny person who commits an assault upon the person of another … by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison …" *See* CPC § 245(a)(1) (2010).

To determine whether a prior offense qualifies as a crime of violence for sentencing purposes, courts employ the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2014). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez–Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted). Applying the categorical approach to the elements clause of

§ 4B1.2(a)(1), the Court looks to whether the underlying crime necessarily involves "the intentional use of force against the person or property of another." *United States v. Gomez-Leon*, 545 F3d 777, 787 (9th Cir. 2008).

In his motion, Petitioner disputes the continuing validity of two Ninth Circuit decisions that were decided before *Johnson*: *United States v. Heron-Salinas*, 566 F.3d 898 (9th Cir. 2009) and *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). Both *Heron-Salinas* and *Grajeda* found that a CPC § 245(a) conviction is categorically a crime of violence under similarly worded elements clauses in other sentencing provisions. (ECF No. 54 at 14-17.) Specifically, Petitioner contends that *Heron-Salinas* relied exclusively on the residual clause in 18 U.S.C. § 16(b) in determining that § 245(a)(2) (assault with a deadly weapon) is a crime of violence.[4] Section 16 defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The residual clause in 18 U.S.C. § 16(b) was struck down for vagueness post-*Johnson* by the Ninth Circuit. *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Therefore, Petitioner argues, *Grajeda*, which relied upon *Heron Salinas*, is also no longer good law. (*Id.* at 15.)

The Court disagrees with Petitioner's reasoning. In *Heron-Salinas*, the Ninth Circuit noted that "[u]nder a plain reading of [CPC § 245(a)(1)], the elements of assault with a firearm—an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another with a firearm—satisfy the requirements of section *16(a)* and (b)." 566 F.3d at 899 (emphasis added). Although the *Heron-Salinas* court's conclusion that CPC § 245(a) is a crime of violence under 18 U.S.C. § 16(b)

---

[4] Interpreting *Heron-Salinas* in the context of § 245(a)(1), the *Grajeda* panel noted that, "[t]he *mens rea* element for assault with a firearm under section 245(a)(2) is the same as that required for assault with a deadly weapon under section 245(a)(1)." 581 F.3d at 1196.

is no longer valid after *Johnson*, its assumption that CPC § 245(a) is a crime of violence under the elements clause – § 16(a) – is not affected by *Johnson*. *See United States v. Rodgers*, No. 08-CR-00716-SI-1, 2016 WL 7337230, at *3-4 (N.D. Cal. Dec. 19, 2016).

In *Grajeda*, the Ninth Circuit held that assault by means of force likely to produce great bodily injury under § 245(a)(1) categorically qualifies as a crime of violence under the elements clause of USSG § 2L1.2, which is identical to the elements clause at issue in this case. 581 F.3d at 1196-97. In interpreting *Heron-Salinas*, the *Grajeda* panel "considered the fact that § 2L1.2 does not have a residual clause but noted that it could nevertheless rely on *Heron-Salinas*, which found that the California statute qualified as a crime of violence under § 16(a), which is 'materially the same' and 'subject to the same construction' as the element prong in § 2L1.2." *United States v. Chilton*, No. CR 11-835 CW, 2016 WL 6518665, at *6 (N.D. Cal. Oct. 11, 2016); *see also Rodgers*, 2016 WL 7337230, at *4 (same). "[B]ecause *Grajeda*'s holding was limited to finding that California Penal Code § 245(a) involves 'the use, attempted use, or threatened use of physical force against the person of another[,]' the invalidation of the residual clauses in *Johnson* and *Dimaya* does not undermine or overrule the holding in *Grajeda*." *Rodgers*, 2016 WL 7337230 at *4 (internal citations omitted). Accordingly, the Court finds that the holding in *Grajeda* that CPC § 245(a)(1) categorically falls within the elements clause is unaffected by *Johnson*.

Furthermore, Petitioner argues that CPC § 245(a)(1) is not a crime of violence under the elements clause because a defendant may be convicted without the requisite *mens rea*. (ECF No. 54 at 12-14.) *Grajeda*, which thoroughly discusses the approach that California courts have taken towards the *mens rea* requirement in CPC § 245, explicitly considered and rejected Petitioner's *mens rea* argument. *Id.* at 1192-97.  The *Grajeda* court acknowledged that case law interpreting the *mens rea* requirement was "decidedly mixed," but concluded that assault under California law "must be intentional" even if "the specific injury need not be intended." *Id.* at 1192, 1195. *Grajeda* notes that California courts have suggested that for purposes of CPC § 245, "proof of an intentional 'violent act' with a deadly weapon or

instrument or with force likely to cause serious bodily injury that 'by its nature will directly and immediately cause' the application of force to another." 581 F.3d at 1195; *see also United States v. Moss*, No. CR 13-211 YGR, 2016 WL 6514170, at *5 (N.D. Cal. Oct. 11, 2016) (interpreting *Grajeda* to hold that § 245(c)(1)'s "requirement of 'force likely to produce great bodily injury' requires that the 'force must necessarily go beyond the 'least touching,' and represents 'actual force' that is violent in nature." (internal citations omitted). The *Grajeda* panel concluded that this level of intent satisfied the elements clause of the crime of violence definition.[5] *Id.* at 1197 ("California Penal Code section 245(a) requires proof of sufficiently intentional conduct to satisfy the *mens rea* requirement for a crime of violence set forth in...§ 2L1.2"). Other district courts that have considered whether CPC § 245(a)(1) constitutes a crime of violence post- *Johnson* have reached the same conclusion. *See Chilton*, 2016 WL 6518665, at *6; *Rodgers*, 2016 WL 7337230, at *4; *Rodriguez v. United States*, No. 15CR1292 JM, 2016 WL 6124501, at *3 (S.D. Cal. Oct. 20, 2016); *Moss*, 2016 WL 6514170, at *5; *United States v. Garcia-Galiana*, No. 15-CR-00110-LHK-1, 2016 WL 879832, at *2-3 (N.D. Cal. Mar. 8, 2016); *Sanchez-Diaz v. United States*, No. CR B:15-332-1, 2016 WL 6816238, at *4 (S.D. Tex. Oct. 14, 2016), *report and recommendation adopted*, No. B-15-332-1, 2016 WL 6818515 (S.D. Tex. Nov. 17, 2016).

Under *Grajeda*, CPC § 245(a)(1) is still a crime of violence under the elements clause of § 4B1.2. 581 F.3d at 1192. Because the sentencing enhancement was not imposed in violation of the Constitution, the Court need not address whether the claim is procedurally barred or whether Petitioner waived his right to collaterally attack his sentence. Petitioner's sentencing enhancement under § 2K2.1 is not unconstitutional and therefore his § 2255 claim is DENIED.

---

[5] For this reason, the Court likewise rejects Petitioner's argument in his Reply (ECF No. 58 at 16-19) that a CPC § 245 conviction could be sustained without demonstrating the specific intent to cause injury. While the Court acknowledges that some California case law could be interpreted in a manner that supports Petitioner's position, the Court nevertheless finds that Petitioner has failed to demonstrate a "realistic probability, not a theoretical possibility" that CPC § 245 would be applied to negligent conduct. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted). The Court is also mindful of the "relatively low" threshold for granting a certificate of appealability. *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)

Although the Court denies Petitioner's § 2255 motion on the merits, the Court concludes that reasonable jurists could find the Court's assessment of Petitioner's claims debatable and that the questions presented are adequate to proceed. Accordingly, the Court GRANTS Petitioner a certificate of appealability.

## VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Deral Armstrong's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 54) is **DENIED**. However, the Court **GRANTS** to Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

   Dated:  **January 26, 2017**        /s/ **Lawrence J. O'Neill**
                                                      UNITED STATES CHIEF DISTRICT JUDGE